(No. 1375—)

RUIE POWERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

CARL CHOISSER, for claimant.

. OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a case brought by the claimant Ruie Powers, for damages against the State of Illinois by reason of injuries received from a fall when in the course of her duties in the State Hospital for Insane at Jacksonville, Illinois.

The claimant represents that on the 3rd day of January, A. D: 1928, while she was engaged in her duties in the employment of the State Hospital for the Insane at Jacksonville, Illinois, that she was carrying a parcel of butter from the kitchen of said institution to another part of said institution it become necessary for her to pass through the kitchen of said institution and pass near where a large steam meat cooker was located and that the floor near the cooker had been permitted to become coated with grease and that she slipped and fell severely injuring her back and lower bowels; that upon receipt of the injuries the claimant was taken on a stretcher to the hospital at the institution and remained there for three days, at the expiration of which time she was removed to the Nurses' Home at Jacksonville, where she remained until the 15th day of January, A. D. 1928, and afterwards taken to her home in Whittington, Franklin county, Illinois.

The claimant further alleges that since she received the injury she has been unable to perform any manual labor and has been prevented from earning any money and has been dependent, for her support and maintenance, upon her relatives.

The evidence shows that the claimant while she was employed at said institution talked with several persons and

they all testified that the claimant had stated to them in various conversations prior to the time of the alleged injury that she had complained of her back hurting and aching. Evidence further shows that X-ray examinations made at the State institution show that the condition of the claimant's back after the fall and before she was discharged from the hospital and before she left the employ of the State institution was normal. One of the witnesses testified that the claimant told her that ever since the birth of one of her children her back and hips hurt.

There is no question but what the claimant received this fall in the line of her duty and in the course of her employment and that she was taken to the hospital where she received treatment and that she was given physical X-ray examinations. There is nothing in the evidence to show that these examinations which she received, showed injury to her back which she complains of; while on the other hand the evidence does show that her back was found to be in a normal condition.

The claimant was paid her full salary all the time she was at the institution, including the time she was in the hospital until she was discharged from said hospital as having recovered.

We are of the opinion that the claimant did not receive any permanent injury during the course of her employment at said institution which would fall within the Workmen's Compensation Law and that she is not entitled to any compensation under said act.

The claim is, therefore, denied and dismissed.